IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN NICE, :
    Petitioner :
: No. 1:18-cv-01088
v. :
: (Judge Rambo)
WARDEN DAVID J. EBBERT :
    Respondent :

# MEMORANDUM

Before the Court is a Petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), that the Court received for filing on May 24, 2018, by Petitioner Shawn Nice ("Petitioner"), a federal inmate currently confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). Preliminary review of the petition has been undertaken and for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

## I.   BACKGROUND

A review of the petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner was convicted in the United State District Court for the Southern District of Florida for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

---

[1] Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b); Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

1

(Doc. No. 1 at 1.); United States v. Nice, No. 0:09-cr-60286-KAM-1 (S.D. Fla. July 26, 2010). Petitioner appealed his 180-month sentence and the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. United States v. Nice, No. 10-13528 (11th Cir. Apr. 28, 2011). Petitioner subsequently filed three motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, all of which were denied by the Southern District Court of Florida. Nice, No. 0:09-cr-60286-KAM-1, Doc. Nos. 68, 78, 79, 80, 90, and 91. On June 10, 2016, the Eleventh Circuit denied Petitioner's application to file a second or successive motion to vacate, set aside, or correct sentence, finding that Petitioner's sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was based on his two prior Florida convictions for burglary and that he was an armed career criminal under the enumerated offenses clause. In re: Shawn Nice, No. 16-12567-J (11th Cir. June 10, 2016). Accordingly, the Circuit Court found that Petitioner's status as an armed career criminal is not affected by the unconstitutionality of the residual clause announced by the United States Supreme Court in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Id.

Thereafter, on March 27, 2017, Petitioner, while incarcerated at the United States Penitentiary in Lee County, Virginia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, alleging that his federal criminal sentence is unlawful under

Johnson. Nice v. Ratledge, No. 7:17-cv-00169 (W.D. Va. Aug. 28, 2017). The District Court for the Western District of Virginia dismissed Petitioner's petition for his failure to state facts that were sufficient for him to satisfy 28 U.S.C. § 2255's savings clause and failed to show that his offense conduct is no longer criminal. Id.

Similarly, Petitioner's instant § 2241 petition, filed on May 24, 2018, seeks an order from the Court releasing him from detention based on the holding in Johnson (finding that an increased sentence under the residual clause of the ACCA violated the Constitution). (Doc. No. 1 at 7.)

## II.  DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). However, if the Petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." Brown, 167 F. Supp. 2d at 726; see also 28 U.S.C. § 2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive

3

in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)). The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. Id. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982

4

(1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986).

    Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Petitioner challenges his sentence enhancement for being a career offender. (Doc. No. 1.) His claim, therefore, is controlled by 28 U.S.C. § 2255. See Wallace v. Bledso, No. 1:1-cv-132, 2011 WL 766641, at *3 (M.D. Pa. 2011) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); Pryce v. Scism, No. 1:10-cv-1680, 2011 WL 41883, at *4 (M.D. Pa. 2011) (concluding that section 2255, not section 2241, is the appropriate section to address petitioner's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective); United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an

5

intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender"); Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) (finding that petitioner did "not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly the exception described in In re Dorsainvil does not apply").

    Petitioner does not allege facts which would bring him within the narrow In re Dorsainvil exception to the general rule that § 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 F. App'x 55, 57 (3d Cir. 2009). Rather, Petitioner's claim is focused on the alleged impropriety of his sentence, not the offense for which he was convicted. Consequently, this Court lacks jurisdiction to consider the petitioner. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("Because [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsiainvil and cannot proceed under § 2241."). Accordingly, the petition will be dismissed without

prejudice to any right Petitioner may have to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court.

## III. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus (Doc. No. 1.), will be **DISMISSED** without prejudice to the Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained under a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: June 26, 2018